COPY

SEKOU GARY, Esq. (FL Bar No. 372640)
GARY, WILLIAMS, LEWIS & WATSON, P.L.
221 South East Osceola Street
Stuart, Florida 34994
Telephone: (772) 283-8260
Facsimile: (772) 283-4996
Email: sekou_gary@hotmail.com

WAUKEEN Q. MCCOY, Esq. (SBN 168228)
Law Offices of Waukeen Q. McCoy
<u>Los Angeles Office:</u>
1357 S. Rimpau Boulevard,
Los Angeles, California 90019
Telephone: (213) 536-7581
Facsimile: (213) 261-4990
Email: mail@mccoyslaw.com

<u>San Francisco Office:</u>
703 Market Street, Suite 1300
San Francisco, CA 94103
Telephone: (415) 675-7705
Facsimile: (415) 675-2530
Email: mail@mccoyslaw.com

Attorneys for Plaintiff,
JAMES KIRKLAND

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES KIRKLAND, an individual, | CASE NO.: CV12-07071 MMM(RZx) |
| Plaintiff, | COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF & JURY DEMAND |
| v. | |
| GOLDEN BOY PROMOTIONS, INC., a California Corporation, and GOLDEN BOY PROMOTIONS, LLC, a Delaware Limited Liability Company, | JURY TRIAL DEMANDED |
| Defendants. | |

1
COMPLAINT

## I. INTRODUCTION

COMES NOW the Plaintiff, JAMES KIRKLAND, and files this Complaint and Jury Demand and states:

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction and venue of this matter pursuant to a forum selection clause requiring any lawsuit arising from the Promoter Agreement to be filed in Los Angeles, California. Both KIRKLAND and GOLDEN BOY PROMOTIONS, INC., and GOLDEN BOY PROMOTIONS, LLC, are parties to the said Agreement and subsequent extension. *See Exhibits 1 & 3 attached.*

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) because the amount in controversy exceeds $ 75,000.00 and there is a complete diversity of citizenship as enumerated above.

## III. PARTIES

3. Plaintiff, JAMES KIRKLAND (hereinafter "KIRKLAND"), is An American professional boxer with a residence and citizenship in Austin, Texas.

4. Defendant GOLDEN BOY PROMOTIONS, INC. is an active California Corporation organized on October 4, 2001 and with a place of business at 626 Wilshire Blvd., Suite 350, Los Angeles, CA 90017.

5. Defendant GOLDEN BOY PROMOTIONS, LLC is an active Delaware Limited Liability Company organized on May 21, 2008 and with a place of business at 626 Wilshire Blvd., Suite 350, Los Angeles, CA 90017.

## IV. FACTS COMMON TO ALL COUNTS

6. On October 14, 2008, Plaintiff KIRKLAND entered into a contract with Defendant GOLDEN BOY PROMOTIONS, INC. entitled "Term Sheet." ("Promoter Agreement") *See Exhibit 1 attached.* This contract was countersigned by Michael Miller, Esq., as licensed manager for KIRKLAND with an office at 926 Chulie Drive, San Antonio, TX 78216, Anne Wolf, as licensed trainer and manager for KIRKLAND with an office at 5125 FM 535, Cedar

Creek, TX 78612, Cameron Dunkin, as licensed manager for KIRKLAND with an office at 9269 Tournament Canyon Drive, Las Vegas, NV 89114, and Donald "Pops" Billingsley, as trainer for KIRKLAND with an office at 926 Chulie Drive, San Antonio, TX 78216.

7. Per the Term Sheet at page 6 – 7, by countersigning the Promoter Agreement, each Counter signatory agreed to approve the Promoter Agreement, confirm each term of the Promoter Agreement, cause KIRKLAND to perform and comply with each term, and to comply with all rules and regulations of any sanctioning body and all government, legal or regulatory bodies.

8. At the time the counter signatories signed the Promoter Agreement, they had no written contract as managers or trainers with KIRKLAND.

9. On October 15, 2008, Michael Miller, Esq., as licensed manager Anne Wolf, as licensed trainer and manager, Cameron Dunkin d/b/a D & D Boxing, Inc., as licensed manager, and Donald "Pops" Billingsley, as trainer, executed a Management Agreement with KIRKLAND. *See Exhibit 2 attached.*

10. On March 5, 2011, Defendant GOLDEN BOY PROMOTIONS, INC., Michael Miller, Esq, Cameron Dunkin d/b/a D & D Boxing, Inc., and KIRKLAND executed a document termed "Contract Extensions," extending the term of the 5 year Promoter Agreement and the 5 year Management Agreement for an additional 2 years pursuant to Section 7 of the Promoter Agreement and section 8 of the Management Agreement. *Exhibit 3 attached.*

11. Since signing the Promoter Agreement and Management Agreement, KIRKLAND has fought, inter alia, at least 3 bouts in Nevada, 3 bouts in California, and 2 bouts in Texas.

12. The Promoter Agreement states it is in accord with all "applicable commission rules and regulations." (¶ 3). It further states that in the event KIRKLAND fails or is unable to perform the Promoter has the right to extend the Promoter Agreement for the applicable period of time. (¶ 7). The Promoter Agreement further states if KIRKLAND wins a Major World Title, the Promoter Agreement shall be extended for the term of 5 additional bouts and if KIRKLAND extends any media contract, the Promoter Agreement shall be extended for the like period. (¶ 8). In the same paragraph, it states in no event shall the term of this agreement extend beyond the

3
COMPLAINT

maximum term permitted by any applicable law or regulation. At ¶ 11, the Agreement requires KIRKLAND to comply with all rules and regulations of the applicable sanctioning bodies and regulatory authorities. The Promoter Agreement also states the Agreement shall be construed by the laws of California but shall not require the violation of any law or regulation. (¶ 13). Finally, the Promoter Agreement restricts KIRKLAND'S remedies to a suit for damages and specifically states KIRKLAND cannot seek injunctive or any other equitable relief, nor can he otherwise terminate or rescind the agreement. (¶ 15).

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### (COUNT I – DECLARATORY RELIEF & INJUNCTIVE RELIEF AS TO ALL DEFENDANTS)

13. Plaintiff hereby incorporates paragraphs 1 through 12 above as though fully rewritten.

14. An actual controversy has arisen and does now exist between the parties as to their respective rights and obligations under the terms of the Promotion Agreement and subsequent extension.

15. KIRKLAND seeks a judicial declaration as to the rights, status, and obligations of the parties as to the Promotion Agreement and subsequent extension. Specifically, KIRKLAND seeks a judicial determination that the Promotion Agreement and subsequent extension are invalid and unenforceable between the parties.

16. Additionally, KIRKLAND asks this Court to issue an injunction against the Defendants from enforcing said agreements during the pendency of this lawsuit and thereafter. Boxing is KIRKLAND'S only means to earn a living and to be deprived of this would cause irreparable harm.

17. Title 4, Division 2 of the California Code Of Regulations, relating to the State Athletic Commission requires at § 220, entitled Form Of Contract, states:

Contracts between boxers and managers and between boxers or managers and licensed clubs shall be executed on printed forms approved by the commission. The commission may recognize or enforce a contract not on its printed form if entered into in another jurisdiction. No other contract or agreement may be recognized or enforced by the commission.[1]

18. § 222, entitled, Execution of Contract, states:

Unless otherwise directed by the commission, **a contract between a boxer and a manager or a boxer and a promoter is not valid unless both parties appear at the same time before the commission** or a commission representative and it receives written approval. **No contract shall be approved between a manager and a boxer or a promoter and a boxer for a period exceeding five years. No option to extend the initial period shall be permitted. [emphasis added]**

19. Further, Defendants arranged for bouts that were fought in Nevada. Pursuant to ¶¶ 3, 8, and 13 of the Promoter Agreement, the Promoter Agreement and the Management Agreement had to comply with the regulatory scheme of Nevada. At all times Defendants arranged for bouts in Nevada, they were fully aware of the terms and conditions of the Agreements.

20. Pursuant to the Nevada Athletic Commission rules, NAC 467.102, entitled Contract between manager and unarmed combatant: General requirements; arbitration of disputes; authority of managers; assignment, it states:

1. The Commission may refuse to honor a contract between a manager and an unarmed combatant unless it is filed with the Commission at least 72 hours before a scheduled contest or exhibition and it complies with the requirements of this section. **The Commission will not honor a contract between a manager and an unarmed combatant if the term of the contract is for a period of more than 4 years. [emphasis added]**

21. An agreement that is violative of a provision of a constitution or a valid statute, or an agreement which cannot be performed without violating such a constitutional or statutory provision, is illegal and void and no alleged right founded upon the contract or agreement can be enforced in a court of justice.

---

[1] pursuant to regulations, "promoter" and "club" are synonymous terms.

5
COMPLAINT

22. Both the Promoter Agreement and Management Agreement therefore fail for a failure of consideration since both Agreements are contrary to public policy and illegal in Nevada per se, and in California due to the extension and other unilateral extension options described above. *See Foreman v. George Foreman Associates, Ltd.*, 517 F.2d 354 (9th Cir. Cal. 1975).

23. Additionally, any contract provision that waives an illegality is null and void.

24. California law permits a party to rescind a contact based on unilateral mistake. In this cause, the unilateral mistake by KIRKLAND in entering into illegal Agreements based on the representations by Defendants regarding the 2008 Agreement and subsequent contract extensions allows KIRKLAND to rescind the contract.

WHEREFORE, Plaintiff KIRKLAND prays for judgment against the Defendants as follows:

   a. For a judicial declaration that the 2008 Promoter Agreement and Management Agreement, and subsequent contract extensions are void for illegality, failure of consideration, and unilateral mistake and therefore unenforceable;

   b. Reasonable attorney fees;

   c. All costs of suit incurred herein; and

   d. A Temporary and Permanent Injunction allowing KIRKLAND to fight and earn purses worldwide during the pendency of this suit and thereafter and such other and further relief as the Court may deem proper.

## SECOND CAUSE OF ACTION:

## BREACH OF CONTRACT

25. Plaintiff hereby incorporates paragraphs 1 through 24 above as though fully rewritten. Defendants'

26. Defendants promoted, managed, and organized bouts in Nevada. During the time they promoted, managed, and organized these bouts, Defendants violated the Nevada Athletic Commission rules and regulations by operating under illegal and/or void contracts.

27. Defendants promoted and organized bouts in California. During the time they Promoted and organized these bouts, Defendants violated the California Athletic Commission rules and regulations by operating under illegal and / or void contracts.

28. KIRKLAND has performed each and every obligation under the Promoter Agreement.

29. Said breaches of the Promoter Agreement, Management Agreement, and subsequent extensions by the Defendants has caused KIRKLAND damage by subjecting him to disciplinary action and / or suspension, causing him to lose his boxing career, being underpaid pursuant to the Promoter Agreement for bouts, and suffering damages well in excess of $1,000,000.00.

WHEREFORE, Plaintiff KIRKLAND prays for judgment against the Defendants as follows:

    a. For damages in the amount of $1,000,000.00 plus any management fees taken under the void Management Agreement;

    b. Reasonable attorney fees;

    c. All costs of suit incurred herein; and

    d. Such other and further relief as the Court may deem proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, KIRKLAND, hereby demands trial by jury on all triable issues in this action.

DATE: August 13, 2012

Respectfully submitted,

By: _____
SEKOU GARY, Esq.
GARY, WILLIAMS, LEWIS & WATSON, P.L.,
Attorneys for Plaintiff, JAMES KIRLAND

By: _____
WAUKEEN Q. McCOY, Esq.
LAW OFFICES OF WAUKEEN Q. MCCOY,
Local Counsel for Plaintiff, JAMES KIRLAND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

**CV12- 7071 MMM (RZx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] Western Division
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] Southern Division
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] Eastern Division
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)  NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address: Sekou Gary, Bar No. 372640)
Gary, Williams, Lewis & Watson, P.L.
221 South East Osceola Street, Stuart, Florida 34994
& Waukeen Q. McCoy (SBN:168228)
Law Offices of Waukeen Q. McCoy
1357 S. Rimpau Blvd., Los Angeles, CA 90019

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JAMES KIRKLAND, an individual | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV12-07071 MMM(RZx) |
| GOLDEN BOY PROMOTIONS, INC., a California Corporation, and GOLDEN BOY PROMOTIONS, LLC, a Delaware Limited Liability Company DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Sekou Gary and Waukeen Q. McCoy__, whose address is __221 South East Osceola St., Stuart, Flordia 34994 & 1357 S. Rimpau Blvd., LA, CA 90019__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

AUG 16 2012

Clerk, U.S. District Court

Dated: _____  By: _____
                                           Deputy Clerk
                                     (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                           SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

JAMES KIRKLAND, an individual

**DEFENDANTS**

GOLDEN BOY PROMOTIONS, INC., a California Corporation, and GOLDEN BOY PROMOTIONS, LLC, a Delaware Limited Liability Company

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Sekou Gary (FL Bar No. 372640)
Gary, Williams, Lewis & Watson, P.L.
221 South East Osceola Street, Stuart, Florida 34994

**Attorneys (If Known)**

Waukeen Q. McCoy (SBN:168228)
Law Offices of Waukeen Q. McCoy
1357 S. Rimpau Blvd., Los Angeles, CA 90019

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 1,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Cal. code Regs. tit. 4 § 220 and Cal. Code Regs. tit. 4 § 222

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | | ☐ 443 Housing/Accommodations | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-07071

**FOR OFFICE USE ONLY:** Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)            CIVIL COVER SHEET            Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| United States District Court, Central District of California<br>Western Division<br>312 North Spring Street, Los Angeles, CA 90012 | |

b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date August 15, 2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |