EXHIBIT 2

## MANAGEMENT AGREEMENT

This Management Agreement (the "Agreement") is entered effective as of October 15, 2008 by and among **CAMERON MITCHELL DUNKIN, D & D BOXING, INC.** ("Dunkin") c/o Cameron Dunkin, 9269 Tournament Canyon Drive, Las Vegas, Nevada 89144, or nominee, and **MICHAEL MILLER**, 926 Chulie Drive, San Antonio, Texas 78216, **ANN WOLFE** of 5611 Colton Road, Unit C, Austin, Texas 78791, (hereinafter referred to as "Managers"), and **JAMES KIRKLAND** of Austin, Texas, (hereinafter referred to as "Boxer").

## RECITALS

A. Boxer desires to become duly qualified and licensed as a professional boxer with, among others, the Nevada State Athletic Commission (the "Boxing Commission"). The Boxer hereby engages the Managers, and the Managers agree for a period of Five (5) years from the date of Boxer's next professional bout (the "Initial Term").

B. Managers are duly qualified to manage, advise and consult with professional boxers in furthering their professional boxing career.

C. Boxer desires to retain Managers to perform certain duties in connection with managing, advising and consulting Boxer in his professional boxing career and Managers desire to undertake such representation on behalf of Boxer.

NOW, THEREFORE, the parties agree as follows:

1. **MANAGEMENT RELATIONSHIP**

    (a)   During the Term of this Agreement, Boxer hereby engages Managers as Boxer's exclusive Managers and advisors to render the services set forth in this Agreement and Managers agree to act in such capacity on behalf of Boxer. Accordingly, Boxer agrees that, Boxer will not engage any other representative or agent to render similar services on behalf of Boxer and all matters pertaining to Boxer's professional boxing career will not be effectuated without Managers' prior consent. Boxer and Managers shall execute and file state management agreements with the Boxing Commission of the applicable jurisdictions, including the Nevada State Athletic Commission. Managers will consult, negotiate terms and contract(s) with boxing promoters in connection with boxing contests and/or exhibitions. Managers will represent Boxer and act as his negotiators to fix and agree upon the terms governing all manner of disposition, use, employment and exploitation of Boxer's services, talents and the products thereof. Boxer agrees that Managers will represent in connection with Boxer's participation in professional boxing contests and exhibitions, the Boxer's exploitation and professional use of his talents, personality, name and likeness in every manner whatsoever throughout the world.

    (b)   Boxer recognizes that Managers may perform similar duties for other professional boxers (including boxers in the same weight division as Boxer) and

1

otherwise engage and pursue other business endeavors.

(c) Boxer is not under any disability, restriction or prohibition, either contractual or otherwise with respect to Boxer's right to execute this Agreement and to fully perform consistent with its terms and conditions

(d) Boxer has the right, power and authority to do business hereunder and Managers' activities on Boxer's behalf under this Agreement will not infringe upon, violate or interfere with the tights, whether statutory contractual or otherwise of any third party

(e) Boxer shall diligently devote himself to his professional boxing career and do all things necessary and appropriate to promote his career and generate earnings therefrom. Boxer agrees to participate in all training necessary to compete as a world class professional boxer.

2. **DUTIES OF MANAGERS**

Managers, in conjunction with Boxer's promoter, shall provide such advice, guidance, direction and services to further the professional boxing career of Boxer including, but not limited to, the following:

(a) Managers shall coordinate with Boxer's promoter in selecting opponents for all professional boxing matches in which Boxer is a participant; provided, however, that Managers shall consult with Boxer prior to the final selection of an opponent.

(b) Managers shall negotiate the terms and conditions of all professional boxing matches most favorable to Boxer, including all matters involving global television broadcasts, sponsorship and endorsement matters and ancillary issues inherent in the financial aspects of Boxer's professional boxing career.

(c) Managers shall coordinate with Boxer's promoter the dates, times and sites of all publicity promotional and public relations activities as well as the dates, times and sites of all professional boxing matches to be engaged by Boxer.

(d) Managers shall coordinate the training activities of Boxer. Boxer shall select the Trainer, with input from Mangers.

(e) Managers shall, to the best of his ability, perform services for and on behalf of Boxer as contemplated under this Agreement and shall perform such other duties and responsibilities as he deems appropriate in connection with the Boxer's professional boxing career.

(f) Managers agree that he will promptly and faithfully comply with the applicable rules of the Boxing Commission, the Muhammad Ali Boxing Reform Act and any other required governing authority with regard to the management services

contemplated to be rendered hereunder

3. **TERM**

(a) The initial term of this Agreement shall commence on October 15, 2008 and continue for a period of five (5) years from the date of Boxer's next professional bout (the "Initial Term"). Notwithstanding the foregoing, Managers shall have the option to extend the Initial Term of this Agreement for an additional two (2) years (i.e., through October 15, 2015) or for the maximum term permitted by applicable law in the event that, during the Initial Term, Boxer is ranked in the top five (5) of the World Boxing Association, World Boxing Council, International Boxing Federation, International Boxing Association or World Boxing Organization at the time of the expiration of the Initial Term. The Initial Term and the two (2) year extension of the Initial Term, if applicable, are referred to collectively as the "Term."

(b) In the event, the Boxer or Opponent suffers an injury which results in his inability to participate in boxing contests and/or exhibitions, the initial Term and/or the renewal Term of this Agreement (as appropriate) shall automatically be extended by Boxers or Opponents disability.

4. **FINANCIAL CONSIDERATIONS**

Boxer hereby agrees and obligates himself to pay to Manager Cameron Dunkin, D & D Boxing, Inc. or nominee (10%), to the Managers Michael Miller, Ann Wolfe and Pops Billingsley (7.5% each). Managers agree to accept as full compensation for the services they shall render pursuant to section 2, a total of Thirty-two and one-half percent (32.5%), of all boxing compensation. Boxer will instruct promoter to pay to the Managers their share of the purse at the time he pays Boxer. Boxer shall execute all documents required by the Boxing Commission to remit such fees directly to Managers. For purposes of this Agreement, Boxing Compensation means the cumulative amount of purse income to be received by Boxer in connection with professional boxing matches/exhibitions which includes, where applicable, purse amounts, purse advances, share of live gate revenues, television revenues, license fees, cable revenues, pay-per-view revenues, signing bonuses, sponsorship and all other revenues directly related and received in connection with the professional boxing career of Boxer.

5. **BREACH BY BOXER**

(a) Boxer hereby acknowledges and agrees that the services as set forth in this agreement as rendered by him are of special, unusual and extraordinary character, giving them particular value, the loss of which could not reasonably and adequately be measured in or compensated by damages in an action at law. Boxer therefore agrees that the Managers shall be entitled to injunctive and other equitable relief to prevent any material breach of default by Boxer hereunder, which shall be in addition to and without prejudice to any and all other rights and remedies which the Managers may have. Managers' right to represent Boxer as Boxer's sole and exclusive boxing Managers and advisor (with the exception of Boxer's attorney) and Boxer's obligation to use Managers exclusively in

3

such capacity are unique and extraordinary rights and that any breach or threatened breach by Boxer under this Agreement shall be material and shall cause Managers immediate and potentially irreparable damages which cannot be adequately compensated for solely by money judgment. Accordingly, Boxer agrees that, in addition to all other forms of relief and all other remedies which may be available to Managers in the event of any such breach or threatened breach by Boxer, Managers shall be entitled to seek and obtain injunctive relief against Boxer.

(b) During the Term of this agreement and any extension thereof, Boxer agrees to render services solely and exclusively for the Managers and agrees that he will not take part in any professional boxing contests and/or exhibitions without Managers' written approval

(c) Boxer shall and agrees to indemnify and hold the Managers harmless against and from any and all claims, damages, liabilities, costs and expenses, including without limitation reasonable attorney's fees, arising out of the exercise by the Managers of any rights granted herein, out of any breach by Boxer of any representation, warranty or other provision herein, or out of any wrongful act or omission by Boxer/Athlete.

6. **REPRESENTATIONS AND WARRANTIES**

The parties represent and warrant as follows:

(a) Managers have the expertise and capability to carry out and perform their responsibilities under this Agreement and if necessary, will apply for licensure in all states in which Boxer engages in boxing events.

(b) Managers will use their best efforts and diligence in rendering the services contemplated by this Agreement and in fulfilling the obligations being undertaken and imposed upon them by this Agreement.

(c) Boxer shall conduct himself with appropriate recognition of the fact that Boxer's success as a professional boxer does not necessarily depend solely on Boxer's success in the boxing ring. Accordingly, Boxer will, at all times during the Term, conduct himself according to the highest standards of honesty and sportsmanship and will not in any manner abuse alcohol, drugs or engage in acts of moral turpitude.

(d) Boxer has the right to enter into and to perform all of his obligations under this Agreement and the execution of this Agreement and the performance by Boxer of such obligations will not result in any breach or violation of or default under any other agreement of any kind to which Boxer is a party or to which he or any of his property is or may be subject.

(e) There are no other agreements or undertakings which might interfere with Boxer's performance of the obligations contemplated under this Agreement or the free and unimpaired exercise by Managers of any of the rights granted under this Agreement.

There are no pending claims or litigation affecting Boxer which would or might interfere with the full and complete exercise or enjoyment by Managers of any rights granted to him under this Agreement.

(f)   The parties hereto recognize and acknowledge that the rules and regulations of the various state, country, and territorial athletic commissions and sanctioning organizations differ and are sometimes inconsistent. Therefore, the Boxer hereby agrees to execute such further documents, forms, papers and agreements as may be necessary or desirable to effect the purpose the Agreement and carry out its provisions, including but not limited to, licensing applications, and other documents required by any state, country, and territorial athletic commissions and sanctioning organizations.

7   NOTICE AND CURE

In the event, that any party (the "defaulting party") hereto shall commit a breach of this Agreement, he shall have a period of thirty (30) days after receipt of written notice of such breach from the other party to this Agreement in which to cure such breach or, in the event that such breach cannot be cured within thirty (30) days, to commence reasonable efforts to cure such breach. During the cure period, this Agreement shall not be terminated as a result of such breach. In the event that the defaulting party cures or commences the cure of his breach on timely basis– this Agreement shall continue in full force and effect.

8.   DISABILITY OR POSTPONEMENT

If Boxer's career during the term of this Agreement shall be postponed due to injury or disability of Boxer, or for any other reason directly attributable to Boxer, the term of this Agreement shall automatically be extended for any such postponement and/or any such injury.

9.   ASSUMPTION OF THE RISK

The Boxer understands that by participating in a contest or exhibition of unarmed combat that Boxer is engaging in an abnormally dangerous activity. The Boxer further understands that this participation subjects the Boxer to a risk of severe injury or death. The Boxer, with full knowledge of this risk, nonetheless, agrees to enter into this Agreement and hereby waives any claim that the Boxer or Boxer's heirs may have against Managers as the result of any injury the Boxer may suffer as a result of Boxers participation in any contest or exhibition of unarmed combat

10.   ASSIGNMENT

The Managers may assign their rights and obligations under this Agreement to any entity in which they shall have ownership interest.

11.   NOTICES

All notices required to be given under the terms of this Agreement shall be given to the

parties and deemed sufficient if by first-class certified mail, return requested, postage prepaid or by personal delivery at the below indicated addresses unless changed by written notice:

    To Boxer:    James Kirkland
                     Austin, Texas

    To Managers:   Cameron Dunkin, D & D Boxing, Inc.
                     9269 Tournament Canyon Drive
                     Las Vegas Nevada 89144

                     Michael Miller
                     926 Chulie Drive
                     San Antonio, Texas 78216

                     Ann Wolfe
                     5125 FM 535
                     Cedar Creek, TX 78612

12. **CONFORMITY OF LAW**

It is understood and agreed by the parties hereto that if any term or provision of this Agreement is by court of competent jurisdiction or other legally constituted and applicable authority held to be illegal or in conflict with any law or policy of the state of Nevada or of any state or country where the Boxer is required to perform, the validity of the remaining portions or provisions shall not effected thereby and the rights and obligations of the parties shall be construed as if the particular term or provision held to be invalid were reformed to the minimum extent necessary to bring it into compliance with such law or policy, and if such term or provision is held to be invalid per se, the Agreement shall be construed as if such term or provision were eliminated.

13. **ALTERATION AND AMENDMENT; INTEGRATION**

(a) This Agreement sets forth the entire understanding between the parties relating to the relationship of Managers and Boxer. No change or modification to this Agreement shall be valid unless the same is in writing and issued by the parties to this Agreement. No waiver of any provision of this Agreement shall be valid unless in writing and signed by the person against whom it is sought to be enforced.

(b) If any of the terms or provisions of this Agreement are in conflict with any applicable statute, rule or law, then such tent or provision shall be deemed inoperative to the extent that they may conflict with such statute, rule or law and shall be deemed to be modified to conform with such statute, rule or law.

(c) The parties agree to take all actions necessary to file the necessary management agreements with the applicable state Boxing Commission.

6

14. **GOVERNING LAW**

This Agreement shall be subject to and governed by the laws of the State of Texas.

15. **MISCELLANEOUS**

In the event of a dispute under this Agreement which results in a lawsuit between the parties the prevailing party shall recover its reasonable attorney's fees and costs.

16. **BENEFIT AND BURDEN**

(a) This Agreement shall inure to the benefit of, and shall be binding upon the parties hereto and their respective successors, heirs, and personal representatives.

(b) This Agreement contains the entire Agreement between the parties.

IN WITNESS WHEREOF, this Agreement has been executed effective as of the date and year first above written.

Boxer: _____  Manager: _____
James Kirkland                   Cameron Dunkin

Manager: _____  Manager/Trainer: _____
Michael Miller                    Ann Wolfe

                                  Trainer: _____
                                  Donald "Pops" Billingsley

7

# EXHIBIT 3

## CONTRACT EXTENSIONS

The following sets forth the terms of an agreement dated March 5, 2011, between Golden Boy Promotions, Inc. (Promoter); Cameron Dunkin (D&D Boxing, Inc.) and Michael Miller (Managers); and James Kirkland (Boxer) to extend their respective contracts.

Promoters and Boxer under Section 7 of their Term Sheet and Managers and Boxer under Section 8 of their Management Contract agree to extend their respective contracts for an additional two (2) years due to Boxer's recent two (2) year inactivity.

_____  
Golden Boy Promotions, LLC    Date

_____ 3-5-1  
James Kirkland    Date

_____ 3/5/11  
Cameron Dunkin    Date  
D & D Boxing, Inc.

_____ 3/5/11  
Michael Miller    Date